UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

BENNY NAPOLEON,

    Defendant.

Case No. 19-12706
Honorable Laurie J. Michelson

# OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Latausha Simmons has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the revocation of her release on bond and her current confinement in the Wayne County Jail. In her petition, she alleges that her bond was revoked without due process. She indicates that while this was due to her failure to appear for a court proceeding, she did not receive notice of her court date. Simmons seeks release from custody and reinstatement of bond.

The Court must undertake a preliminary review of Simmons' petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary review, the Court determines that Simmons is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

Here, Simmons' petition shows she is not entitled to relief and so the petition will be dismissed.

Although 28 U.S.C. § 2241 grants federal courts jurisdiction to consider habeas corpus petitions filed by pre-trial detainees, federal courts usually do not adjudicate such petitions if the issues raised could be resolved by state procedures available to the petitioner. *See Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017); *see also Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights, along with the right to be free of double jeopardy, whose vindication may be asserted prior to trial . . . by a petition for habeas corpus." (internal citations omitted)). But if a challenge to bail has been asserted by way of a petition for a writ of habeas corpus, "the petitioner must demonstrate that state remedies have been exhausted." *Atkins*, 644 F.2d at 549; *cf. Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies.").

Here, Simmons has not established that she has exhausted available remedies in the state courts with respect to her bail/bond revocation claim. The Michigan Rules of Court provide that bail/bond decisions are appealable by motion in the court having appellate jurisdiction over the court that made the release decision. *See* Mich. Ct. R. 6.106(H). Simmons appears to contest a release decision by the Wayne County Circuit Court. Consequently, she could exhaust state court remedies by filing an appeal with the Michigan Court of Appeals and then, if necessary, by filing an application for leave to appeal with the Michigan Supreme Court. Simmons does not indicate that she has done so. She thus fails to demonstrate that she has exhausted state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure,

Although 28 U.S.C. § 2241 grants federal courts jurisdiction to consider habeas corpus petitions filed by pre-trial detainees, federal courts usually do not adjudicate such petitions if the issues raised could be resolved by state procedures available to the petitioner. *See Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017); *see also Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights, along with the right to be free of double jeopardy, whose vindication may be asserted prior to trial . . . by a petition for habeas corpus." (internal citations omitted)). But if a challenge to bail has been asserted by way of a petition for a writ of habeas corpus, "the petitioner must demonstrate that state remedies have been exhausted." *Atkins*, 644 F.2d at 549; *cf. Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies.").

Here, Simmons has not established that she has exhausted available remedies in the state courts with respect to her bail/bond revocation claim. The Michigan Rules of Court provide that bail/bond decisions are appealable by motion in the court having appellate jurisdiction over the court that made the release decision. *See* Mich. Ct. R. 6.106(H). Simmons appears to contest a release decision by the Wayne County Circuit Court. Consequently, she could exhaust state court remedies by filing an appeal with the Michigan Court of Appeals and then, if necessary, by filing an application for leave to appeal with the Michigan Supreme Court. Simmons does not indicate that she has done so. She thus fails to demonstrate that she has exhausted state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure,

the question presented"); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hoard v. State of Mich.*, No. 05-73136, 2005 WL 2291000, *3 (E.D. Mich. Sept. 19, 2005) (dismissing bail claim as premature due to the failure to exhaust the claim in the Michigan appellate courts).

There may be circumstances where a pretrial detainee seeking a writ of habeas corpus need not exhaust. But Simmons has not shown that this is one of those circumstances. *See Moore v. DeYoung*, 515 F.2d 437, 447 (3d Cir. 1975) ("[H]aving failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition.").

The Court thus DISMISSES WITHOUT PREJUDICE Simmons' habeas petition challenging the revocation of her pre-trial release on bail/bond in the Wayne Court Circuit Court and her current incarceration at the Wayne County Jail. The Court DENIES a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court further DENIES Simmons leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a).

SO ORDERED.

Dated: November 12, 2019

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 12, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson